**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO GAOIRAN, | No. C 05-4253  MMC (PR) |
| Petitioner, | **ORDER DENYING MOTION TO DISMISS; ORDER TO SHOW CAUSE** |
| v. | |
| S.W. ORNOSKI, | |
| Respondent. | (Docket No. 4) |
| _____ | |

On October 20, 2005, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  After reviewing the petition, the Court found cognizable petitioner's claim that the California Board of Prison Terms ("BPT"), by determining petitioner to be unsuitable for parole, violated his federally protected liberty interest in being released on parole.  The Court ordered respondent to file an answer showing cause why the petition should not be granted based on said claim, or in the alternative, a motion to dismiss on procedural grounds.  Respondent chose the latter course, and has filed a motion to dismiss the petition for failure to exhaust.  See 28 U.S.C. § 2254(b)-(c).  Petitioner has filed an opposition, and respondent has filed a reply.

**BACKGROUND**

In 1986, in the Superior Court of Santa Clara County, petitioner was convicted of murder in the second degree; he was sentenced to a term of 15 years to life in state prison. Thereafter, his minimum eligible parole date was set at April 27, 1995.  Since that time, the BPT, on several occasions, has found petitioner unsuitable for parole, most recently in December 2003.

**United States District Court**
For the Northern District of California

1    In 2004, petitioner, proceeding with counsel, filed a habeas petition in the Santa Clara

2   County Superior Court, challenging the BPT's 2003 unsuitability finding.  On September 2,

3   2004, the Superior Court ordered the Attorney General to show cause why the petition should

4   not be granted and to produce discovery regarding past decisions by the BPT.  The Attorney

5   General filed a petition for a writ of mandate in the California Court of Appeal (Case No.

6   H028006), seeking to vacate the Superior Court's order.  Petitioner filed a motion to proceed

7   pro se in the Court of Appeal, on the ground he had "an actual conflict" with his counsel.[1]

8   On July 5, 2005, the Court of Appeal granted the petition for a writ of mandate, and directed

9   the Superior Court to vacate its discovery order.  See Board of Prison Terms v. Superior

10  Court, 130 Cal.App.4th 1212, 1243 (2005).

11    While the petition for a writ of mandate was pending in the California Court of

12  Appeal, petitioner, proceeding pro se, filed an amended petition for a writ of habeas corpus in

13  the Santa Clara Superior Court.  Because the appellate court was exercising jurisdiction over

14  the case, the Superior Court, on March 25, 2005, denied the amended petition without

15  prejudice to "(1) its filing in the Court of Appeal[,] (2) its re-filing [in Superior Court] if the

16  Court of Appeal so directs, or (3) its re-filing [in Superior Court], in conjunction with the

17  original petition, after the Court of Appeal relinquishes jurisdiction." (Resp.'s Ex. 1.)  On

18  April 11, 2005, petitioner, still proceeding pro se, filed the amended petition in the Court of

19  Appeal.[2]  (Resp.'s Ex. 2.)  The Court of Appeal, in a one-line decision dated July 19, 2005,

20  two weeks after it granted the writ of mandate on the initial petition, denied the amended

21  petition "without prejudice to refiling in the Santa Clara County Superior Court." (Resp.'s

22  Ex. 3.)  On July 26, 2005, petitioner filed in the California Supreme Court a pro se petition

23

24    [1]The parties do not indicate how the motion to proceed pro se was resolved.  The
25  Court of Appeal issued its remittitur on November 22, 2005, (Resp.'s Ex. 6), after the instant
    action was filed, and the parties do not identify any further developments in the state court
26  proceedings on petitioner's initial habeas petition.

27    [2]The Court of Appeal crossed out from the caption the word "amended" and the case
    number, "H028006," and stamped the filing with a new case number, H028652.  This Court,
28  however, will refer to the petition in case number H028652 as the "amended petition," in
    order to distinguish it from petitioner's initial state habeas petition.

**United States District Court**
For the Northern District of California

1  for review of the Court of Appeal's denial of the amended petition.  (Resp.'s Ex. 4.)  On

2  October 12, 2005, the Supreme Court issued a one-line decision stating "Petition for review

3  DENIED."  (Resp.'s Ex. 5.)  Neither party describes any further challenges to the BPT

4  decision that were filed by petitioner in the state courts.  On October 20, 2005, petitioner

5  filed the instant habeas petition in federal court.

6                                          **DISCUSSION**

7          Prisoners in state custody who wish to challenge collaterally in federal habeas

8  proceedings either the fact or length of their confinement are first required to exhaust state

9  judicial remedies, either on direct appeal or through collateral proceedings, by presenting the

10  highest state court available with a fair opportunity to rule on the merits of each and every

11  claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b)-(c).  The exhaustion-of-

12  state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial

13  'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"

14  Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted).  The exhaustion requirement

15  is satisfied only if the federal claim has been "fairly presented" to the state courts.  See id.;

16  Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).[3]

17          There is no dispute that petitioner presented his federal claims in his July 26, 2005,

18  petition for review to the California Supreme Court.  (Resp.'s Ex. 4.)  Respondent argues,

19  however, that the petition for review did not "fairly" present the claims to the Supreme Court

20  because the Court of Appeal had denied petitioner's habeas petition without prejudice to

21  petitioner's refiling it in the Superior Court.  In support of his argument, respondent cites

22  Roettgen v. Copeland, 33 F.3d 36 (9th Cir. 1994), in which the Ninth Circuit, held that

23  "[s]ubmitting a new claim to the state's highest court in a procedural context in which its

24  merits will not be considered absent special circumstances does not constitute fair

25

26

27          [3]The exhaustion requirement also may be available if no state remedy remains
available, see Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996), which neither party
28  contends herein.

**United States District Court**
For the Northern District of California

1  presentation." 33 F.3d at 38 (citing <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989)).[4]  In

2  <u>Roettgen</u>, the petitioner presented his claims to the Arizona Supreme Court in a petition for a

3  writ of habeas corpus. <u>Id.</u>  Because Arizona law provided that the proper vehicle for

4  presenting the claims to the high court was a "petition for post-conviction relief" pursuant to

5  Arizona Rule of Criminal Procedure 32, and not a petition for a writ of habeas corpus, the

6  Ninth Circuit found the claims were not "fairly presented" to the highest state court so as to

7  satisfy the exhaustion requirement. <u>Id.</u>  <u>Roettgen</u> is distinguishable from the instant case

8  because California law allows a petitioner to present his claims to the California Supreme

9  Court in a petition for review of the California Court of Appeal's denial of a habeas petition.

10 <u>See</u> <u>In re. Reed</u>, 33 Cal. 3d 914, 191 Cal. Rptr. 658, 663 (1983); <u>accord</u> <u>Nino v. Galaza</u>, 183

11 F.3d 1003, 1006 n.3 (9th Cir. 1999).  Respondent cites no state law providing that such a

12 petition for review is not allowed where the Court of Appeal states its denial is without

13 prejudice to the filing of the habeas petition in the Superior Court, or that in such a context

14 the merits of the claims in the petition for review will not be considered by the Supreme

15 Court.  In the absence of such state law, there is no basis for a finding that the claims were

16 not "fairly presented" to the state high court.

17      Respondent further argues the claims have not been exhausted because the state

18 courts have not denied the claims "on the merits."  The California Supreme Court's summary

19 denial of the petition for review does not indicate whether it was "on the merits."

20 Respondent urges the Court to presume the California Supreme Court adopted the lower

21 courts' reasoning in rejecting petitioner's claim.  "Where there has been one reasoned state

22

23      [4]In <u>Castille</u>, the Supreme Court held that a petitioner does not satisfy the fair
24 presentation requirement when he raises new federal claims in a petition to the state high
   court, when review of such petition is discretionary under state law.  489 U.S. at 351 (finding
25 claims not "fairly presented" where raised for first time in petition for writ of allocutur to the
   Pennsylvania Supreme Court, review of which is discretionary under Pennsylvania law); <u>see</u>
26 <u>also</u> <u>Casey v. Moore</u>, 386 F.3d 896, 916-17 (9th Cir. 2004) (finding fair presentation
   requirement not satisfied where claims raised for first time in petition for review to
27 Washington Supreme Court, review of which is discretionary under state law).  Unlike in
   <u>Castille</u> and <u>Casey</u>, petitioner here did not raise his claims for the first time in a petition for
28 discretionary review by the state's highest court; rather, petitioner first raised those claims,
   unsuccessfully, in petitions filed in the trial court and intermediate appellate court.

1   judgment rejecting a federal claim, later unexplained orders upholding that judgment or

2   rejecting the same claim rest upon the same ground." See Ylst v. Nunnemaker, 501 U.S.

3   797, 803 (1991).  Here, as noted, the California Court of Appeal's denial of the amended

4   petition was an unexplained, one-line decision.  Consequently, the last reasoned state court

5   decision on petitioner's claims was the Superior Court's March 25, 2005 decision denying

6   the amended petition without prejudice.  Even presuming, pursuant to Ylst, the California

7   Supreme Court's denial of the amended petition "rest[s] upon the same ground" as the

8   superior court's denial, and that such denial can be deemed not to have been "on the merits,"

9   such circumstances do not demonstrate petitioner's claims were not exhausted.  The United

10  States Supreme Court has made it clear that a state court's failure to rule on the merits of a

11  claim that has been "fairly presented" does not mean the claim has not been exhausted.  See

12  Castille, 489 U.S. at 350-51 (citing Smith v. Digmon, 434 U.S. 332, 333 (1972) ("It is too

13  obvious to merit extended discussion that whether the exhaustion requirement of 28 U.S.C.

14  § 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to

15  ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the

16  state court.").

17      To satisfy the exhaustion requirement, petitioner must raise his claims through "one

18  complete round of the State's established appellate review process."  See O'Sullivan v.

19  Boerckel, 526 U.S. 838, 845 (1999).  This may be accomplished by pursuing the claims

20  "(1) throughout the entire direct appellate process of the state, or (2) throughout one entire

21  judicial postconviction process available in the state."  Casey, 386 F.3d at 916 (internal

22  quotations and citation omitted).  Here, petitioner presented his federal claims throughout one

23  entire postconviction process by filing his claims in habeas petitions to the Superior Court

24  and the Court of Appeal, and in a petition for review to the California Supreme Court.  In the

25  absence of any state law indicating such proceedings constituted a procedural context in

26  which the claims would not be considered by the high court on their merits, this Court finds

27  petitioner has satisfied the exhaustion requirement set forth in 28 U.S.C. § 2254(b)-(c).

28      Respondent's assertion that petitioner retains the option of pursuing his amended

*United States District Court*
For the Northern District of California

petition in the Superior Court, even if correct, does not demonstrate the claims have not been exhausted. Exhaustion does not require repeated assertions of a federal claim in the state courts, even where alternative avenues of review remain available. See Turner v. Compoy, 827 F.2d 526, 528 (9th Cir. 1987). To the extent respondent argues petitioner has failed to exhaust because he still can pursue his initial petition in the state courts, respondent is correct that the exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a post-conviction petition pending in the state courts. See 28 U.S.C. § 2254(b)-(c); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). As noted above, however, respondent has failed to provide any information as to the course of the proceedings on such petition after the issuance of the remittitur. Accordingly, respondent, on the record presented to date, has not demonstrated the initial petition remains pending in the Superior Court or other state court.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss is hereby DENIED.

Respondent shall file with the Court and serve on petitioner, within **60 days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the cognizable claims in the petition. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state record that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **30 days** of his receipt of the answer.

This order terminates Docket No. 4.

IT IS SO ORDERED.

DATED: March 1, 2007

_____
MAXINE M. CHESNEY
United States District Judge